# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CAROLYN WILL,**

      **Plaintiff,**

  vs.                                        **Case No. 04-CV-1007**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

      **Defendant.**

## DECISION AND ORDER

Carolyn Will ("Will") filed a complaint in this Court, asking for review of a decision by the Commissioner of Social Security Administration ("Commissioner"). The Commissioner denied Will social security disability benefits because, she concluded, Will lacked a disability. After a brief time in this Court, the parties agreed that the ruling below was infirm and they brought a joint motion to remand the case to the Commissioner for further action. The motion was granted and a judgment entered remanding the case to the Commissioner for further proceedings.

Will has brought a Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412. That Act allows the Court to award attorney's fees and costs to a prevailing party, like Will, *see Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) ("sentence-four remand order *terminates the civil action* seeking judicial review of the Secretary's final decision" (internal quotes and alterations omitted)), unless the position of the

United States was substantially justified or special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of showing that the United States's position was substantially justified is on the government; likewise the burden of showing that special circumstances make an award unjust. *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). The government does not make either showing, conceding Will's motion for attorney's fees and costs is justified.

Attorney's fees may not exceed $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The $125.00 per hour limit was set in 1996. *See* Pub. L. No. 104-121, 110 Stat. 863. Will proposes that the Court adjust that number for inflation since 1996. By using the United States Department of Labor Bureau of Labor Statistics Consumer Price Index-All Items, Will calculates that the work done by her attorney during 2004 should be billed at a rate of $149.78 per hour and work done in 2005 should be billed at a rate of $150.81 per hour. Her numbers represent reasonable calculations, and this Court is not alone in adopting the Consumer Price Index-All Items to adjust attorney's fees for inflation. *See Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir. 1992); *DeWalt v. Sullivan*, 963 F.2d 27, 30 (3d Cir. 1992); *Wonders v. Shalala*, 822 F. Supp. 1345, 1347 (E.D. Wis. 1993).

Will also has supplied the necessary itemized statement showing actual time spent on this matter. In all, her attorney worked just over twelve hours—not an unreasonable amount of time. Her calculations are detailed below, and the government does not object.

| Year | Hours Worked | Adjusted Hourly EALJ Rate | Amount Requested |
|---|---|---|---|
| 2004 | 1.80 | $149.78 | $269.60 |
| 2005 | 10.40 | $150.81 | $1568.42 |
| Totals | 12.20 | | **$1838.02** |
| | | Costs | $150.00 |
| | | **Total Fees & Costs** | **$1988.02** |

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Will's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, [Docket No. 15] is **GRANTED**. Will is awarded attorney's fees in the amount of $1988.02.

The Clerk of Court is **DIRECTED** to enter amended judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2005.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge